OPINION
{¶ 1} Defendant-appellant Richard Wahl [hereinafter appellant] appeals the June 17, 2002, Judgment Entry of the Licking County Municipal Court, which contains the conviction and sentence of appellant on one count of operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 15, 2002, appellant was charged with operating a vehicle while under the influence of alcohol, in violation of R.C.4511.19(A)(1). The matter proceeded to a bench trial on June 17, 2002. The following evidence was adduced at trial. On March 15, 2002, officers of the Newark Police Department were dispatched to a report of kids riding their bicycles in a street. Once the officers arrived at the scene, appellant was found being treated by medics for an injury. A Newark Police Officer spoke with appellant and learned that appellant had been injured by riding his bicycle and attempting to "ramp" a bike to show off for some children. This activity was taking place on a grassy area between the sidewalk and a parking lot, using a dirt ramp. Appellant stipulated that at the time of the officer's contact with appellant, appellant was appreciably intoxicated.
 {¶ 3} The trial court found appellant guilty and sentenced appellant to 30 days of incarceration at the Licking County Justice Center, by Judgment Entry filed June 17, 2002.
 {¶ 4} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 5} "I. The trial court committed harmful error, as a matter of law, in finding the defendant-appellant guilty of operating a motor vehicle while under the influence of alcohol.
 {¶ 6} "II. The conviction of the defendant-appellant was not supported by sufficient evidence to legally sustain the same."
 I {¶ 7} In the first assignment of error, appellant contends that the conviction was improper as a matter of law, specifically asserting that the trial court erred when it concluded that the bicycle upon which appellant was riding at the time of the offense meets the definition of a vehicle. Appellant argues that if the bicycle did not meet the definition of a vehicle, appellant could not be convicted of operating a vehicle in violation of R.C. 4511.19. We agree.
 {¶ 8} Revised Code 4511.19 generally prohibits the operation of a vehicle, including a bicycle, while under the influence of alcohol. However, R.C. 4511.19 is applicable to bicycles "only whenever a bicycle is operated upon any highway or upon any path set aside for the exclusive use of bicycles." R.C. 4511.52. If a bicycle is not being operated on a highway or upon a path set aside for the exclusive use of bicycles, R.C.4511.19 is not applicable. See Jones v. Santel (1955), 164 Ohio St. 93,128 N.E.2d 36. The Comments to R.C. 4511.52, from the Legislative Service Commission (1975) refer to the operation of bicycles on streets, highways and bicycle paths.
 {¶ 9} The question posed to this court is whether the bike ramp in the grassy area was a path set aside for the exclusive use of bicycles.[1]
Appellee argues that the bike ramp falls within the definition of a "path set aside for the exclusive use of bicycles." We disagree. The bike ramp was built on a grassy area. The ramp is not a bicycle path nor set aside for the exclusive use of bicycles. Therefore, R.C. 4511.19 is not applicable.
 {¶ 10} Appellant's first assignment of error is sustained.
 II {¶ 11} In the second assignment of error, appellant argues that even if R.C. 4511.19 is applicable to appellant's operation of a bicycle on the ramp, the conviction was not supported by sufficient evidence. In that we have sustained assignment of error I, appellant's second assignment of error is rendered moot.
 {¶ 12} The judgment of the Licking County Municipal Court is hereby vacated and a judgment of acquittal is entered.
By Edwards, J., Farmer, J. and Boggins, J. concur.
topic: In Re: DUI — Riding bike.
[1] There is no contention or argument presented that the bike ramp was a highway or street.